No. 13,998.

SUCCESSION OF MRS. MARIE APPOLINE LACOSTE.

### SYLLABUS.

Question at issue—amount of physician's bill. Reduced from $803.00 to $300.00 by the trial judge, and his ruling is sustained. Judgment affirmed.

APPEAL from the Civil District Court, Parish of Orleans—*Theard, J.*

*James David Coleman,* for Mrs. E. E. LeBlanc, Administratrix, Appellee.

*Henry Chiapella,* for Dr. P. Hoa LeBlanc, Opponent, Appellant.

*Hubert M. Ansley,* for Albert U. Forestier, Opponent, Appellee.

The opinion of the court was delivered by

BLANCHARD, J.   Mrs. Lacoste died intestate.   Her sister, Mrs. E. E. LeBlanc, qualified as administratrix.

There were no forced heirs.   The collateral heirs are the sister, appointed administratrix, and a nephew, Albert U. Forestier, son of a deceased sister.

The estate was inventoried at $5,750.00, but did not realize that amount at the sale.

The most valuable piece of real property was incumbered with a special mortgage, and the creditor, after the death of Mrs. Lacoste, took out executory process and caused the property thus mortgaged to be sold.

Its proceeds—in amount not sufficient to pay the mortgage debt—did not pass into the hands of the administratrix.

All the remainder of the property was sold at succession sale and realized $3,335.00, but after deducting auctioneer's bills, taxes due on the property at the date of sale, etc., and a balance due on another mortgage, there passed into the hands of the administratrix the sum of $2,917.15 only, for distribution among creditors and heirs.

This amount is sufficient to pay the creditors in full and leave a small balance for the heirs.

A final account was filed.   As made out by the administratrix it showed the balance left over for the heirs after payment of debts to be $295.20, or $147.60 for each heir.

But oppositions were presented contesting many of the items of debit on the account.   These were for the most part withdrawn. Among the items contested was one in favor of Dr. P. H. LeBlanc for $803.00 for medical services rendered the deceased.   It was opposed by Forestier, one of the heirs, and reduced to $300.00 by the district judge.

This increased by $503.00 the amount to be distributed between the heirs.

Dr. LeBlanc appeals and the issue presented by his appeal is the only matter before the court.

*Ruling*—The appellant was the nephew of the deceased and is the son of the administratrix, who is one of the two heirs of the dead woman.

The administratrix, his mother, not only allowed in full his bill of $803.00 by placing the same on her account, but at the argument, both orally and by brief, in this court, her counsel advocates the reversal of the judgment which reduces it.

It is a circumstance not without weight that were this bill allowed in full, the administratrix and her family would be receiving " the lion's share " of this estate as against the other heir.

| | |
|---|---:|
| Thus, her son, Dr. LeBlanc, claims...................... | $803 00 |
| The administratrix as heir, as per the showing made by her account, will receive ............................. | 147 60 |
| Her commissions as administratrix, placed on the account at 2½ per cent. on the aggregate of the inventory, amounted to ................................... | 143 75 |
| Due Security Brewing Co. on note drawn by L. H. LeBlanc and for which Mrs. Lacoste was security—placed on the account at ................................... | 200 00 |
| Due Gustave Seeger on lease and notes of L. H. LeBlanc and for which Mrs. Lacoste was security, amounting, as placed on the account and increased by the district judge, to ..................................... | 253 85 |
| Total amount to the LeBlanc family.................$1,548 20 | |

as against $147.60 to the other heir, A. U. Forestier.

Besides, it is shown that Lewis LeBlanc, son of the administratrix and brother of Dr. P. H. LeBlanc, lived with is aunt, Mrs. Lacoste, for ten years, and was living there when the medical services of Dr. LeBlanc were rendered for which the charge of $803.00 is made.

It is shown that while Dr. LeBlanc's medical attention to his aunt extended through a period of twenty months, at no time did he, while she was alive, present a bill to her, or make any charge against her.

The evidence fails to show he ever intended to send a bill to her. Asked that question by his counsel, he answered only that it was understood he was to be paid for his services, and gives as the only

basis for this understanding that "on several occasions I wanted to employ the services of another physician, but she said she preferred my services."

His claim was placed on the account in lump sum and while the opposition filed to the same by his cousin, the co-heir of his mother, called for an itemized statement, showing dates, character of services, etc., the only response he made was the following:

Attack of la grippe—winter of 1898-1899....................$150.00
Attack of pneumonia—winter of 1899-1900.................. 300.00
For last illness, month of April 1900........................ 200.00
Fifty-one visits during winter of above..................... 153.00

   Total .........................................$803.00

Evidently he had kept no record of services rendered to her and for which he intended to charge. It would seem that nothing was booked against her. When called on for dates he could give none except by years—not even for the fifty-one visits charged for.

It is shown that the immediate cause of her death was a stroke of apoplexy to which she succumbed within two days of the attack, and while he charges $200.00 on account of services during last illness in the month of April 1900, it appears she was up and about in that month going down town, attending to her business affairs, etc.

The bill is attacked by the co-heir as exhorbitant and out of proportion to the services rendered. The trial judge, who saw and heard the witness, agreed with this view.

Taking into consideration all the surrounding circumstances, the kinship, situation of the parties, etc., we are not prepared to say the judge erred.

We are impressed with the belief that no such bill as the one now urged against the estate would ever have been presented to Mrs. Lacoste had she lived. It looks a good deal as though the bill, especially in its amount, has much of "the afterthought" about it.

The size of this estate does not warrant any such charge being made against it. The doctor, himself, testified that "there is no special charge by a physician; it depends upon the means of the patient." The means of this patient did not justify the charge he makes.

The judgment appealed from is affirmed at the cost of the appellant.

Rehearing refused.